IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KING OF SWEETS ONLINE, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. |
| KERVAN USA, LLC, a Pennsylvania limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR PRICE DISCRIMINATION
## UNDER THE ROBINSON- PATMAN ACT

King of Sweets Online, Inc., a Delaware corporation ("Plaintiff") for its

complaint against Kervan USA, LLC, a Pennsylvania limited liability company

("Defendant"), respectfully alleges the following:

1.  Plaintiff King of Sweets Online, Inc., is a Delaware corporation with its

principal place of business in Delaware.  Plaintiff operates an on-line business,

selling candy and like products to wholesale and retail customers throughout the

United States.

2.  Defendant Kervan USA, LLC, is a Pennsylvania limited liability

company with its principal place of business in Pennsylvania.  Defendant

1

manufactures and sells candy products throughout the United States, including to customers located in the State of Delaware.

3.  Plaintiff and Defendant are both engaged in interstate commerce.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 because this action arises under federal anti-trust statutes, to wit the Robinson- Patman Act, 15 U.S.C. §13.

5.  This Court has personal jurisdiction over the Defendant because the Defendant has the requisite contacts with the State of Delaware insofar as the Defendant has sold goods to Delaware businesses, such as the Plaintiff and has delivered the subject goods into the State of Delaware.

6.  Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) insofar as a substantial part of the events that give rise to the cause of action occurred within the State of Delaware.

## FACTS

7.  On July 13, 2022, Plaintiff purchased 1,000 cases of Peach Rings candy from the Defendant at the price of $33.60 per case, for a total of $33,600.00.

8.  Prior to this purchase, Plaintiff had attempted to buy the same product from a candy distributor known as Thayer Distribution ("Thayer").  However, the

Thayer sales agent informed the Plaintiff that Thayer did not have the Defendant's Peach Rings product in stock.

9.  Accordingly, on July 13, 2022, the Plaintiff decided to buy the Peach Rings candy directly from the Defendant.  The Plaintiff placed the order by phone and spoke with the Defendant's sales agent.  The Defendant's sales agent quoted a price of $33.60 per case, which was considerably higher than the Plaintiff would have purchased the candy from Thayer.  Plaintiff asked the Defendant's sales agent why there was a discrepancy in the price of the Peach Rings, and was told that the Defendant had raised the price of Peach Rings and was charging all of Defendant's customers the increased price.

10.  Relying on the representations made by the Defendant's sales agent, the Plaintiff agreed to the price of $33.60 per case and placed the order.  A copy of the Defendant's invoice is attached hereto as Exhibit "A."

11.  On August 16, 2022, the Plaintiff placed a new order with Thayer.  In that order, Plaintiff purchased 1,600 cases of Defendant's Peach Rings candy for the price of $27.23 per unit.  This price was considerably less than the price charged by the Defendant one month earlier.  The Thayer invoice is attached hereto as Exhibit "B."

12.  The Plaintiff asked the Thayer sales agent about the price discrepancy,

and the Thayer agent informed the Plaintiff that Thayer was paying a substantially lower price for the Defendant Peach Rings product than that charged by the Defendant to the Plaintiff.

13.  Plaintiff and Thayer are engaged in the same type of business, selling candy to wholesale and retail customers.  Plaintiff and Thayer compete for the same customer base in the stream of interstate commerce.

14.  The price differential charged by Defendant to Plaintiff and Thayer results in anti-competitive injury to the Plaintiff in that Plaintiff must charge substantially higher prices to its customers for the same exact product.  This not only results in lost profits on the particular goods identified in this action, but also leads to loss of business reputation and good will to current and potential customers.

15.  A claim for price discrimination under the Robinson-Patman Act, 15 U.S.C. §13,  requires a showing of (a) a difference in price, (b) in two reasonably contemporaneous sales, one in interstate commerce, ( c) from a single seller, (d) involving commodities, (e) of like grade and quality, and (f) that the price differential may substantially lessen competition or tend to create a monopoly in any line of commerce.

16.  The Defendant sold its Peach Rings product to the Plaintiff and Thayer

for two different prices, after falsely representing to the Plaintiff that all of its customers were being charged the same price. The sales were substantially contemporaneous in that they occurred within a few weeks of one another in the summer of 2022. The sale to Plaintiff was an interstate transaction.

17. The substantial price differential charged by the Defendant to the Plaintiff substantially endangered competition between the Plaintiff and Thayer, two companies in direct competition with one another in the stream of commerce. The Plaintiff can not reasonably compete with Thayer if Thayer is paying a substantially lower price for the exact same goods from the Defendant.

18. By charging a higher price to Plaintiff, Defendant has imposed less favorable product pricing for Plaintiff's customers compared to similarly situated customers of Thayer and therefore violates the legislative intent of the Robinson-Patman Act that all sellers receive even-handed treatment from their suppliers.

19. As a direct result of Defendant's price discrimination, Plaintiff has suffered injury-in-fact, including loss of profits, lost sales and reputation and operational harm.

WHEREFORE Plaintiff respectfully requests that the Court enter judgment in its favor and against the Defendant as follows:

a) awarding Plaintiff damages for its lost profits, lost sales and other harms

5

caused by Defendant's price discrimination, trebled pursuant to federal anti-trust law;

b) granting preliminary and permanent injunctive relief prohibiting Defendant from engaging in discriminatory pricing schemes;

c) awarding Plaintiff's attorney's fees and other costs pursuant to federal anti-trust law;

d) awarding applicable pre- and post-judgment interest; and

e) granting such other relief and damages as the Court finds just and equitable.

FERRY & JOSEPH, P.A.

/s/ Rick S. Miller
Rick S. Miller (#3418)
1521 Concord Pike, Suite 202
P.O. Box 1351
Wilmington DE 19899-1351
(302) 575-1555
rmiller@ferryjoseph.com
Attorneys for Plaintiff

Dated: June 2, 2023